D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARMAND JAMES,                                              ORDER

                    Plaintiff,                         11-CV-4182 (NGG) (CLP)

      -against-

MRS. JENNIFER OSBOURNE, SGT. R. SIMONSON,
C.O. MOSKO, C.O. WILLIAMS,

                    Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court are two motions to amend the Complaint submitted by Plaintiff and a report and recommendation ("R&R") from Magistrate Judge Cheryl L. Pollak regarding issues of proper venue and transfer. The court rules as follows.

      Plaintiff, currently incarcerated at Southport Correctional Facility, brought this pro se action against Superintendent Rickey Bartlett, Superintendent John Lempke, Superintendent Dennis Breslin, Mrs. Jennifer Osbourne, Sergeant R. Simonson, C.O. Mosko, and C.O. Williams. (Compl. (Docket Entry # 1).) He alleges harassment, retaliation, and excessive force pursuant to 42 U.S.C. § 1983, and seeks damages and declaratory relief. (Id. at 4-5.)

      On December 15, 2011, this court issued an opinion in which it (1) dismissed Plaintiff's claims against Bartlett, Lempke, and Breslin; (2) concluded that Plaintiff's claims against Osbourne should proceed and referred those claims to Judge Pollak for pre-trial supervision; (3) referred Plaintiff's claims against Mosko and Simonson to Judge Pollak for an R&R regarding whether venue as to those Defendants is proper; and (4) concluded that the Complaint as it stood did not state a claim against Williams and that Plaintiff's claims against Williams

1

raised the same venue issues as those against Mosko, but permitted Plaintiff to make a motion to amend his Complaint as to Williams either to Judge Pollak or to the presiding judge in the appropriate district court, depending on this court's ruling as to venue. (Dec. 14, 2011, Mem. & Order (Docket Entry # 6) at 4-7.)

On December 31, 2011, Plaintiff filed a motion to amend his Complaint (the "first motion to amend"), making additional allegations against Williams and asserting new claims against Sergeant Calleri, who had not been named in his original Complaint. (Docket Entry # 10.)

On April 16, 2012, Judge Pollak issued her R&R recommending: (1) that Plaintiff's claims against Simonson be severed and transferred to the Southern District of New York; (2) that his claims against Mosko be severed and transferred to the Western District of New York; and (3) that his motion to amend the Complaint be denied, with leave to re-file in the appropriate district court. (R&R (Docket Entry # 20) at 15.)

Since then, Plaintiff has made two submissions: a written objection to the R&R (Pl. Answer (Docket Entry # 22)) and another motion to amend his Complaint (the "second motion to amend") to add defendants who were not originally named and to "change the amount of damages to a greater value" (Docket Entry # 23).

When a district court receives timely objections to a magistrate judge's R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review of a magistrate judge's R&R, an objecting party "must point out the specific portions of the report and recommendation to which [he] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL

2

728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [R&R]." (emphasis added)). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entergris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under [ ] Fed. R. Civ. P. 72(b)"). Portions of the R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

Plaintiff's written objection points to no specific portion of the R&R to which he objects. Instead, he simply reiterates that the actions taken against him at facilities within the Southern and Western Districts of New York were in retaliation for complaints he filed while incarcerated at a facility within the Eastern District (see Pl. Answer at 2)—a point specifically addressed in Judge Pollak's R&R (see, e.g., R&R at 5, 9-12)—and makes a number of conclusory statements about the consequences of a transfer, including that he "fear[s] that the Defendants . . . will move to have [his] case dismissed" and that "he won't get a fa[ir] and just outcome" (Pl. Answer at 2). Because none of his statements constitutes a specific objection to the R&R, the court reviews the R&R for clear error. See U.S. Flour, 2012 WL 728227, at *2; Pall, 249 F.R.D. at 51.

The court has reviewed Judge Pollak's thorough and well-reasoned R&R for clear error and finds none. Accordingly, the court ADOPTS the R&R in its entirety. See Porter v. Potter, 219 F. App'x 112, 112-13 (2d Cir. 2007). Pursuant to 28 U.S.C. § 1404(a) and Federal Rule of Civil Procedure 21, Plaintiff's claims against Sergeant R. Simonson are SEVERED and TRANSFERRED to the Southern District of New York, and his claims against C.O. Mosko are SEVERED and TRANSFERRED to the Western District of New York. Plaintiff's first motion

to amend the Complaint is DENIED without prejudice to his ability to re-file in the appropriate district court once his claims have been transferred; if Plaintiff still wishes to assert claims against C.O. Williams and Sergeant Calleri, he shall direct those claims to the Western District of New York. Because Plaintiff's second motion to amend does not specify which defendants he wants to add or from whom he wishes to seek greater damages, that motion is DENIED without prejudice to Plaintiff's ability to file a more specific motion in the appropriate district court. The case in this District shall proceed solely against Mrs. Jennifer Osbourne.

SO ORDERED.

Dated: Brooklyn, New York
October 9, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge