UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TYNESHA K. ARMAND,

                Plaintiff,

-against-

RICKEY BARTLETT, et al.,

                Defendants.
------------------------------------------------------------------X

**ORDER**

**11-CV-4182 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 25, 2011, pro se Plaintiff Tynesha K. Armand brought this action against various superintendents and corrections officers of the Arthur Kill Correctional Facility, Fishkill Correctional Facility, and Five Points Correctional Facility, pursuant to 42 U.S.C. § 1983, for violations of her constitutional rights. (Compl. (Dkt. 1).) During the course of this litigation, claims against all Defendants except Sergeant George Dugan ("Dugan") were dismissed or transferred. (See Mem. & Order (Dkt. 58) (adding Defendant Dugan, and dismissing claims against Defendant Jennifer Osborne); Order (Dkt. 26) (transferring claims against Defendant R. Simonson to the Southern District of New York and Defendant Mosko to the Western District of New York); Mem. & Order (Dkt. 6) (dismissing claims against Defendants Rickey Bartlett, John Lempke, and Dennis Breslin).) On September 16, 2015, Defendant Dugan filed his motion for summary judgment. (Def.'s Mot. for Summ. J. (Dkts. 119-26).) By Order dated October 1, 2015, the court referred the motion to Magistrate Judge Cheryl L. Pollak for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See Order (Dkt. 128).)

On February 10, 2016, Judge Pollak issued an R&R recommending that the court grant Defendant Dugan's motion for summary judgment on three independent grounds. (R. & R.

1

(Dkt. 129).) As a threshold matter, Judge Pollak found that Plaintiff failed to put forth any evidence raising an issue of material fact that she exhausted her administrative remedies as required by the Prisoner Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a). (Id. at 16-18.) Judge Pollak also found that Plaintiff failed to provide evidence to support her claims of excessive force against Dugan. (Id. at 18-23.) Finally, Judge Pollak held that Dugan was entitled to qualified immunity. (Id. at 24-28.)

No party has objected to the R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R. & R. at 28 ("Any objections to this Report and Recommendation must be filed with the Clerk of Court . . . within fourteen (14) days . . . . Failure to file objections within the specified time waives the right to appeal the District Court's order.").) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS IN FULL the R&R, and accordingly, GRANTS Dugan's motion for summary judgment. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order).

The Clerk of Court is respectfully directed to enter judgment in favor of Defendant Dugan and close the case.

SO ORDERED.

Dated: Brooklyn, New York
April 6, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge